AO 93  (Rev. 11/13) Search and Seizure Warrant

| ___X___ FILED | _____ LODGED |
|---|---|
| _____ RECEIVED | _____ COPY |

FEB - 8 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___MM___                                 DEPUTY

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )           Case No.   22-1158MB
)
A black Iphone; I.M.E.I #353906104601001 seized from )
Jesus Javier Gonzalez Jr, currently located in the )
custody of Homeland Security Investigations. )

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ District of _____Arizona_____
*(identify the person or describe the property to be searched and give its location)*:

   See Attachment A.

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   See Attachment B.

        **YOU ARE COMMANDED** to execute this warrant on or before        2|22|2022    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____Honorable James F. Metcalf_____.
                                                                                                                          *(United States Magistrate Judge)*

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
        ☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    2|8|2022  at 1:19pm                                          _____
                                                                                                                                    *Judge's signature*

City and state:      Yuma, Arizona                                 James F. Metcalf, United States Magistrate Judge
                                                                                                           *Printed name and title*

## ATTACHMENT A

The property to be searched is a black Iphone; I.M.E.I #353906104601001 that was seized from Jesus Javier Gonzalez Jr. on December 21, 2021, hereinafter "**Subject Telephone 1**." **Subject Telephone 1** is currently located in the custody of Homeland Security Investigations.

This warrant authorizes the forensic examination of **Subject Telephone 1** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      Data and/or digital files stored on or accessed through **Subject Telephone 1** as described in Attachment A that relate to violations of 31 U.S.C. § 5332(a)(1) (b) and involve Jesus Javier Gonzalez Jr., including:

    a.      lists of customers and related identifying information;

    b.      types, amounts of bulk currency, and dates, places, and amounts of specific transactions;

    c.      amounts of money received, exchanged, deposited, withdrawn, or delivered as well as dates, places, exchange rates, and amounts of specific transactions;

    d.      any information related to sources of money or narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

    e.      all bank records, checks, credit card bills, account information, and other financial records.

2.      Electronic correspondence stored on or accessed through **Subject Telephone 1** relating to drug trafficking, to include emails and attached files, text messages, and instant messaging logs.

3.      Information related to incoming calls, outgoing calls, missed calls, and duration of calls stored on or accessed through **Subject Telephone 1**.

4.      Contact lists stored on or accessed through **Subject Telephone 1**, to include telephone and email contact names, telephone numbers, addresses, and email addresses.

5.      Evidence of persons who used, owned, or controlled the **Subject Telephone 1** and any SIM Cards.

6.      Logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, instant messaging logs, photographs, electronic correspondence, and telephone contact lists stored on or accessed **Subject Telephone 1** and any SIM Cards.

AO 106 (Rev. 04/10) Application for a Search Warrant

| | |
|---|---|
| | X FILED ___ LODGED |
| | ___ RECEIVED ___ COPY |
| | FEB - 8 2022 |
| | CLERK U S DISTRICT COURT |
| | DISTRICT OF ARIZONA |
| | BY ____ DEPUTY |

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of                              )
*(Briefly describe the property to be searched*            )
*or identify the person by name and address)*              )    Case No.  22-1158MB
A black Iphone; I.M.E.I #353906104601001 seized from       )
Jesus Javier Gonzalez Jr, currently located in the custody )
of Homeland Security Investigations.                       )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the _____ District of _____ Arizona _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 31 U.S.C. § 5332(a)(1) (b)     Bulk Cash Smuggling | |

The application is based on these facts:
See Attached Affidavit of TFO Noe Felix.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Louis Uhl_

Reviewed by AUSA Louis Uhl

_____
*Applicant's signature*

Noe Felix, HSI Task Force Officer
*Printed name and title*

Sworn and subscribed telephonically before me.

Date:  2/8/2022

_____
*Judge's signature*

City and state:  Yuma, Arizona

_____
*Printed name and title*

## ATTACHMENT A

The property to be searched is a black Iphone; I.M.E.I #353906104601001 that was seized from Jesus Javier Gonzalez Jr. on December 21, 2021, hereinafter "**Subject Telephone 1**." **Subject Telephone 1** is currently located in the custody of Homeland Security Investigations.

This warrant authorizes the forensic examination of **Subject Telephone 1** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.      Data and/or digital files stored on or accessed through **Subject Telephone 1** as described in Attachment A that relate to violations of 31 U.S.C. § 5332(a)(1) (b) and involve Jesus Javier Gonzalez Jr., including:

a.      lists of customers and related identifying information;

b.      types, amounts of bulk currency, and dates, places, and amounts of specific transactions;

c.      amounts of money received, exchanged, deposited, withdrawn, or delivered as well as dates, places, exchange rates, and amounts of specific transactions;

d.      any information related to sources of money or narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

e.      all bank records, checks, credit card bills, account information, and other financial records.

2.      Electronic correspondence stored on or accessed through **Subject Telephone 1** relating to drug trafficking, to include emails and attached files, text messages, and instant messaging logs.

3.      Information related to incoming calls, outgoing calls, missed calls, and duration of calls stored on or accessed through **Subject Telephone 1.**

4.      Contact lists stored on or accessed through **Subject Telephone 1**, to include telephone and email contact names, telephone numbers, addresses, and email addresses.

5.      Evidence of persons who used, owned, or controlled the **Subject Telephone 1** and any SIM Cards.

6.      Logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, instant messaging logs, photographs, electronic correspondence, and telephone contact lists stored on or accessed **Subject Telephone 1** and any SIM Cards.

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Noe Felix, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.        I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.        Your Affiant, Task Force Officer Noe Felix, is a Task Force Officer with Homeland Security Investigations (HSI) and has been employed as a Patrol Deputy with the Yuma County Sheriff's Office since October 2011. Your affiant's responsibilities include the investigation of violations of federal/state laws, including drug offenses. Prior to becoming a Task Force Officer for HSI Yuma, your Affiant was assigned as a Patrol Deputy with the Yuma County Sheriff's Office. During this time, your Affiant was assigned to detect, investigate, and enforce laws pertaining violations of State law.  Your Affiant has attended and completed the Arizona Western College Law Enforcement Training Academy and Homeland Security Investigations Task Force Officer Training.

3.        By virtue of my employment as a Task Force Officer, I have performed various tasks, which include, but are not limited to:

  a. Functioning as a surveillance agent, thus observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances;

  b. Interviewing confidential sources (CS) and sources of information (SOI) relative to the illegal trafficking of drugs and the distribution of monies and

1

assets derived from the illegal trafficking of drugs (laundering of monetary instruments);

c.  Functioning as the case agent of the current investigation as well as the case agent and co-case agent of other investigations, which have involved the trafficking of drugs;

d.  Analyzing telephone toll records, pen registers, and other records relating to drug trafficking; and

4.    In the course of conducting drug investigations, I have consulted with other experienced investigators concerning the practices of bulk cash smuggling and the best methods of investigating them.  In preparing this affidavit, I have conferred with other Special Agents and law enforcement officers, who share the opinions and conclusions stated herein.  Furthermore, I have personal knowledge of the following facts or have learned them from the individual(s) mentioned herein.

5.    The statements contained in this Affidavit are based in part on information provided to me by Special Agents of HSI and other law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; and analysis of telephone toll records. I also rely on my experience, training, and background as a Task Force Officer with HSI in evaluating this information. Since this Affidavit is being submitted for the limited purpose of securing authorization of a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the required foundation for an order authorizing a search warrant.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6.      The property to be searched consists of two cellular telephones (collectively referred to herein as the "**Subject Devices**").

      a.   A black Iphone; I.M.E.I #353906104601001 that was seized from Jesus Javier GONZALEZ Jr on December 21, 2021, hereinafter "**Subject Telephone 1**." **Subject Telephone 1** is currently located in the custody of Homeland Security Investigations.

7.      The applied-for warrant would authorize the forensic examination of the **Subject Devices** for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

8.      On December 21, 2021, at approximately 2200 hours, Jesus Javier GONZALEZ Jr. (DOB: 09/24/1997) attempted to depart the United States and cross into Mexico via the San Luis Arizona Port of Entry (POE) while driving a white 2016 Chevrolet Impala bearing Arizona license plate BZK2049. Customs and Border Protection Officers (CBPOs) selected GONZALEZ and conducted a southbound inspection during which a CBPO asked GONZALEZ where he was heading to, to which GONZALEZ replied San Luis Rio Colorado, Sonora, Mexico. The CBPO asked GONZALEZ if he was carrying monetary instruments in excess of over 10,000 dollars and GONZALEZ replied that he was not. GONZALEZ and the vehicle he was operating were referred to the secondary inspection lot of the POE for further inspection and investigation.

9.      During a search of GONZALEZ' 2016 Chevrolet Impala at the secondary inspection lot, CBPO located large bundles of undeclared United States Currency. The US Currency was discovered hidden in the rear quarter panels of the vehicle. the undeclared currency

found totaled $9,461.00.  GONZALEZ was released, as the that initial amount was less then the $10,000.00 for charging a violation of the Bulk Cash smuggling statute of the U.S. Code.

10.     On December 22, 2021, a second search of the 2016 Chevrolet Impala was conducted and CBPO found additional $29,179.00 of undeclared U.S. Currency hidden inside the vehicle.

11.     The total undeclared U.S. Currency found inside the 2016 Chevrolet Impala is $ 38,640.00, an amount over three times the threshold for charging an offense under the Bulk Cash statute of the U.S. Code.

12.     Based on my training and experience, I know that it is common for individuals engaged in bulk cash smuggling to converse with each other by telephone calls and/or text messaging from their cellular telephones.  I believe items such as call logs, text messages, caller ID, photographs, contact lists, and social media accounts commonly found on cellular telephones are likely to exist on the **Subject Devices** and will contain data that will constitute evidence of bulk cash smuggling.

13.     Based on my training and experience, I know that bulk cash smugglers often keep lists of associates and related identifying information.  They also track the amounts of bulk cash that needs to be smuggled, and dates, places, and amounts of specific transactions.  I believe that data extracted from the **Subject Devices** will show and identify co-conspirators.

14.     Based on my training and experience, I know that information stored on electronic devices such as the **Subject Devices** can remain for extended periods of time.  I also believe that a search of the **Subject Devices** for the information listed in Attachment B will reveal evidence of bulk cash smuggling because information is stored on electronic devices long after specific transactions take place.

4

## TECHNICAL TERMS

15.     Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.  Wireless telephone:   A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.   These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.   Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b.  Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras

also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna

6

can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f.  Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

h. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

16. Based on my training, experience, and research, I know that the **Subject Devices** have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, or PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

8

18.   *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Subject Devices** were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the **Subject Devices** because:

    a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.   The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual

9

information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Devices** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Subject Devices** to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.     I submit that this affidavit supports probable cause for a search warrant authorizing

the examination of the **Subject Devices** located in Arizona as described in Attachment A to seek

the items described in Attachment B.

Respectfully submitted,

Noe Felix
Task Force Officer
Homeland Security Investigations

Sworn and subscribed telephonically before me this _____ 8th _____ day of February 2022.

HONORABLE JAMES F. METCALF
UNITED STATES MAGISTRATE JUDGE

11